Mr. Carr, good morning. Good morning, Your Honors. Peter Carr, representing John Fanning, Petitioner in this matter. May it please the Court. This circuit has been a stalwart in protecting First Amendment freedom and enforcing the separation of powers. This case involves both very important issues to be decided. The FTC has exceeded, in this case, its statutory and legislative mandate to regulate deceptive conduct. Deception as defined by the statute. And this Court is the final arbiter of what is deceptive conduct, not the Commission. There is no deference to be afforded. Even in this case where it was summary judgment, especially in this case where it was summary judgment, there is no deference. The FTC has basically imposed a subjective view of what is deceptive conduct. I do not debate the authority of the FTC to regulate deception. Well, if that's the case, why are they entitled to deference under Chevron? No deference, Your Honor. Why? Because this Court has said that the last word on statutory interpretation, the last word on what the definition statutorily of deception is, is the Court's, not the Commission. And further, this is a summary judgment case, a de novo review by this Court as a matter of law. There is no deference. So you have the FTC coming in. Now, the FTC will tell you this had nothing to do about content. This had to do about whether or not a user was generating those profiles and the statements by the company that it was user-generated content. Not so. Look at, if you will, the statement of undisputed material facts that the Commission relies upon in this case for getting summary judgment. It's at the addendum 87 through 90. Those are paragraphs 30 through 37. It talks about images, child images, statements. This case was driven by content. The government did not like the content of a public website. Just so I understand the argument you're asking us to make, there's nothing in the face of the decision by the FTC that tracks what you're saying as to the basis for it. Is that right? I don't believe that. The decision, the Commission's order and decision. Not a word of it tracks the motive that you're ascribing to it. Is that right? It does not. I agree with that, Your Honor. Okay. So what you'd like us to do is reverse the Commission because we should disregard the face of its decision, the reasons it gave on this conclusion that it was ill-motivated? No. I asked this Court to reverse on the grounds that the Commission exceeded its mandate, its statutory limits in finding that content was deceptive. Okay. So could you just explain why then? Because I thought you were making an argument that it was motivated by hostility to the content. It was. But nothing in the face of the decision, as you just said, indicates that it was. So just what is wrong with the decision as written? Because the decision as written turns a case that was based on an express statement that was purportedly deceptive, finds that there was no express deception. Excuse me. Didn't the complaint refer both to express misrepresentations and implied misrepresentations? Your Honor. And didn't the briefing before the Commission use both phrases? Your Honor, I would agree that the complaint generically talks about expressly or implicitly. However, the case was always presented as an express representation case. And I will cite to the briefing of the Complaint Council, specifically at page 18 of its motion for summary judgment, where it says it's an express case. I was asking you questions while you were busy not listening. What record evidence is there to counter the two statements I just gave you, which you have just admitted were true, that there was a reference to both express misrepresentation and implied misrepresentation, both in the complaint and in the briefing? You cannot stand there and represent that those things are not part of the record of this case. I'm not representing. I'm not saying that. And what is in the record of the case that supports your theory that we are to ignore those things? In the complaint, it's there. In the motion papers by the Commission, I submit it's not. On page 18 of the motion for judgment of summary judgment, they specifically state on the element of materiality, which is an essential element that they have to prove, quotes, for the third prong, materiality, the Commission presumes that the express claims are material, citing deception statement, addendum page 58. And the Commission goes on to find that there are no express misrepresentations, but there are implied misrepresentations. Why is that statement of any materiality to your argument? Because this has never been and is not an implied misrepresentation case. I've just told you it's present in the case. The Commission is very clear in its findings. Now, if you want to convince us that there is anything other than a notice argument you're making, you better get to why you think the Commission findings of implied misrepresentation are erroneous. I rely on the brief on that, Your Honor. But I would not want to ignore the remedy in this case, the extensive remedy that was provided by the Commission. The Commission says that there is very good reason for it. Your client is sort of a chronic fraudster and needs control. He's never been found in violation of the FTC Act, Your Honor. Would you like to sit down, sir? Of the Act, Your Honor. What is the argument? And I agree that maybe it was unsavory. You may disagree with the business model. You may disagree with the content. But that doesn't give the government the right to stop speech, to stop business. And if you look at the order, which requires him, my client, for ten years to report all affiliations, anything to do, any other business he's involved with, not limited to this type of industry, this type of conduct, any business. Paragraph six of the order specifically talks about, for ten years, that any affiliation with any new business, any future employer, they must give notice to the FTC. That it's overly broad. It's overreaching by the government, Your Honor. What would you say a narrowly framed order would look like in contrast to the one which you say is overbroad? With respect, it would have to be with respect to. Assume that the findings stand and that what we're talking about is remedy. The remedy, Your Honor, I believe in this case would be limited if I did not prevail in convincing for overturning. With respect to the finding of the charging of monies, it would have to be specific to specific memberships. It would have to be limited to that. Or it would have to be specific to the conduct that had been alleged here with respect to the statements of the creation of a website that talked about user generation of content. But to require my client to talk and tell the government for ten years of every affiliation, whatever that even means, it's undefined in the order, any affiliation, any future employment, it far exceeds what the case was about and what the injunctive relief is intended to protect in this case. Are there other aspects of the remedy that are similarly overbroad in your view? And what are they? I believe that the provisions concerning the 20 years of compliance reporting is similarly overbroad, Your Honors. It is Section 3. Further, with respect to Section 1, it's ordered that shall not misrepresent. If you listen to this language, misrepresent or assist in others in misrepresenting the source of any content on a website, including personal information, the benefits of joining any service. That means that in any website where there's information pulled from the public domain and put on a website, which is not unlawful, that there would have to be some disclosure to the government. It's way overbroad, Your Honor. Do you have cases that you can cite where an appellate court has cut back on the remedial order of the FTC? I don't have one I can say off the top of my head, but I believe that the Supreme Court's guidance on this with respect to the way that the FTC must be narrowly tailored in its injunctive relief would govern this court, would permit this court to say, all right, perhaps we have to defer to the commission on a finding, but we can strip it back and limit that authority. So I don't believe that. So it's general injunctive relief law that you're relying on? Yeah, the Colgate case, for instance, talks about that the order of an injunction issue has to be narrowly tailored. It has to be limited to the case at issue, to future violations from which the case derived. Not this generic, you know, everything you ever want to touch again. I understand fencing in, but to fence in from any affiliation, any business activity, it's just way too... Is there a process for you, after you get an order from the FTC, to contest it by asking for a narrower remedial order? No, Your Honor. I know you didn't do that, but is there no mechanism for doing that? No, we did. Did you present them with an alternative set of orders that you wanted them to adopt? No, we did not. We contested the scope of the order, but my understanding is that there is no... What do you mean, you contested the scope of the order below? Yes, we did. At the summary decision stage, we argued the First Amendment issues. We argued the overbreadth issues. But at that point, you didn't have an order. So the question is, after the order issued, did you attempt to seek reconsideration to have the order reduced to a point that you would agree to it? No, I did not, Your Honor. How are we then supposed to go on appeal now without any sense of what order it is that you would, assuming that there is some remedial order, because let's say you accept that you lost on the findings, you're just challenging the remedial order. I understand that's not fully what you're doing. But if we're just at that stage, we don't have an alternative narrow order before us. So it's a little bit, what's the target that you want us to be shooting towards? Right. My understanding is we did address that issue on the summary disposition stage, and the commission actually agreed with me in part on the relief that was requested by the commission originally and pared it back. I didn't see, I don't think in the rules, there's now rules that govern these procedures that there's ability to seek reconsideration of a commission's order. The order is binding. We moved to stay it. It was denied. We came up here, we got a brief stay, and now we've appealed it. If you enforce it without remanding it or reversing, which I hope that you don't, but if you did, then it becomes an order. And I guess then I'd have to challenge it in a district court if they move to enforce it. That's what I was going to ask you. Is there anything to prevent you from doing it at that point? Well, I'm subject to contempt sanction. I mean, somebody's going to argue collateral attack. I don't think I've waived it, but I'm sure the FTC would argue it. I mean, that's exactly what I'm running headlong into, is I've got this overbroad order that is not enforceable in my opinion. They'll seek to enforce it through contempt, I imagine, or punitive sanction. I'll argue that it's not legal, and they'll claim it's not subject to collateral attack. So that's the problem we have. That's why we need this court's help. Do they have any statutory power to impose contempt? The commission itself. My reading of the statute, at least the letter I received from the commission, is that if my client did not immediately comply, that they could order punitive fines against him. They would have to seek contempt from a district court, I would think. I would hope so. I would hope so. I'm kind of figuring out where this is going to end up. Hopefully your honors will take care of that. But my sense is that the commission will do what it thinks it can do and then make me go seek a judge intervention after the fact. So my client is in jeopardy of having been further punished by not complying with this overbroad order through sanctions. Thank you. Your time is up. Thank you, your honors. Mr. Grossman. Thank you, your honors. And may it please the court, I'm Brad Grossman with the Federal Trade Commission. The undisputed facts in this case show that Mr. Fanning and his company, Jerk LLC, falsely represented that real users created the 85 million profiles on jerk.com and falsely promised that for a $30 membership fee, consumers could dispute unwanted information in their profiles. I'd like to start by addressing Mr. Carr's discussion of deference, and I'd refer this court both to Colgate-Palmolive and to this court's own case in Decision of Removitron, which states that the FTC's decision is to be given great weight by reviewing courts because it relies so heavily on inference and pragmatic judgment. Your honors, we would submit that that same principle applies here in an issue of administrative summary judgment. As this court found in the Puerto Rico aqueduct case, administrative summary judgment is intrinsically valid when the non-moving party has created no genuine dispute of material facts. In this case, Mr. Fanning's counsel, in opposition to summary decision, did not even submit a statement of facts as to which he contends a genuine dispute of material facts remains for this proceeding. So this court should review the commission's findings under summary decision, just as it would under Rule 56, with one distinction. Should the court find that the facts in this matter are undisputed, at that point we would submit that the commission's interpretation of the advertisements in this case should receive some deference in light of the commission's sustained expertise in interpreting the meaning of an advertisement and determining whether those advertisements are material. Yes, your honors. Is that same deference due on the remedy? Yes. Again, I'd refer the court to Colgate-Palmolive and to Removitron. Those decisions find that the commission has wide latitude in deciding what type of injunctive relief to impose, and I'd also refer this court to the American Home Products case in the Third Circuit, which states that the commission deserves discretion in light of its expertise in predicting the likely future conduct of a proven violator. Yes, but we actually have this problem come up rather a lot in NLRB cases and all sorts of other cases, and frequently in those cases the losing party has in fact submitted a type of order that it says is appropriate to the findings. I've not encountered this problem before involving your agency. Your opponent does have a point in that speech is being affected here in the remedial order, and it is really rather broad. So we've been talking about the problem. What is your client's position on this? Yes. Well, the order is broad in the sense that it prohibits Mr. Fanning from engaging in similar types of deception in future conduct, but I would point out that the order does not prohibit any form of non-deceptive speech. The order in this case simply prevents Mr. Fanning from misrepresenting the content of information on the website or the benefit of any service. It doesn't apply to any speech that would be constitutionally protected under central Hudson or any other precedent. So, Mr. Fanning, The order goes a lot further than just prohibiting that. It goes into a lot of internal, what normally would be considered internal actions by a private party. It does, Your Honor, and the reason for those notification and monitoring provisions and record-keeping provisions is to allow the commission to actually monitor whether Mr. Fanning is, in fact, complying with the order. So, for example, Mr. Fanning's counsel mentions the question of affiliation, and by design that is a broad reporting requirement because the FTC needs to know what businesses Mr. Fanning is involved in, and one need not look further than the records of this case where Mr. Fanning claims he was merely an advisor to Jerk LLC, despite overwhelming evidence that Mr. Fanning, in fact, spearheaded the entire company and devised a business model. But just to get a sense of the breadth of it, if Mr. Fanning wants to become a waiter at a restaurant, he has to tell you that, right? It would be, the order is targeting business activities, so Does that count or not? So, yes, yes, if he had to become a waiter. Does that seem awful broad? In the first instance, well, first of all, I point out that Mr. Fanning's submission is entitled to confidentiality under the commission's rules, and second, Mr. Fanning is in a greater position to know what his relevant business associations are than the FTC. The FTC needs to, you know, have this reporting, which we would submit as a Have you issued orders of this breadth in the past? Do you have precedence for that? Yes, we do, Your Honors. I believe in the brief we cited a couple of administrative orders that have been of that breadth. I believe it was the commission's decision in BrakeGuard, for example. In addition, I'd also Just to give you what strikes me is under Section 5, with respect to Jerk LLC, you have limiting language, which is their compliance, their notifications obligations about any change in their business is limited to circumstances that may affect compliance obligations arising under this order, which seems like a reasonable limitation. There's no such limitation on the compliance monitoring of John Fanning. So even just reading the two together, it would seem that he is obligated to notify the commission of a change in business, even when it would not affect the compliance obligation arising under this order. And that seems hard to understand why you would have something of that breadth. Well, the purpose is that Mr. Fanning has a superior ability to know whether or not something is relevant or not. But you don't hold Jerk itself to the same standard. You only make them notify you when it would affect the compliance obligations arising under the order. Mr. Fanning is an investor and has invested in a wide scope of businesses with a much wider array of activities than Jerk LLC was engaged in. And I also have found additional precedent, Your Honor, for similar monitoring provisions. I'm sorry, notification provisions. There's Daniel Chapter 1, 149 FTC at 1581, Telebrands 140 FTC at 376. And there are several district court opinions that we didn't cite in our brief that also hold this. There's John Beck, Amazing Profits, 888 F sub 2nd, 1006 Central District of California, FTC versus. Are these your brother represented, that this is a 20-year period of compliance? So the 20-year period of compliance, the 20 years is linked to the injunction on deceptive speech. The 20-year period of compliance applies to two things. The notification of a change in affiliation and the 20 years also applies to the record-keeping requirements. With regard to the reporting of business affiliations, that requirement only applies for 10 years to Mr. Fanning. In light, perhaps, of the concerns that this court has recognized. But we would still emphasize that it's very important for the commission to know all the business activities in which Mr. Fanning has engaged. In light of this court's own observations about the serious and deliberate nature of the offense that Mr. Fanning has committed. He's charged consumers for services that they did not receive for a period of years. Please, if you speak up again, you will have to be removed. He took 85 million profiles from Facebook and represented that those profiles were generated by real users. And then he charged consumers, desperate consumers, $30 to dispute information in their profiles. And then never actually provided the service and ignored consumer complaints. How much money did he make off of this? So, your honors, there are... How much money did the company make? I'm sorry? Or the company? There are sealed documents that are not in the appendix that reflect that dozens of consumers actually purchased the service. I'd point out that consumer harm is not a prerequisite for the offense here. But, yes, there are evidence of dozens of consumers. But I'd also point out that Mr. Fanning hasn't submitted, hasn't produced any documents in this litigation representing he had no material under his possession, custody, or control. So, we don't have a comprehensive record of consumer loss in this matter. If there are no further questions from the court, I would just encourage this court to... Those cases you cited, if I look them up, I will see orders similar to the present one? Yes. Several of the district court cases that I cited, your honor, are cases that were... They were not appeals from the FTC administrative orders. They were federal district court orders in cases brought under 15 U.S. Code 53B, seeking permanent injunctions. But, yes, they should contain similar orders. Okay. Thank you, your honor. Thank you.